Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his capacity as
Trustee of the International Shipholding GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.,*[1] | Chapter 11 |
| Debtors. | Case No. 16-12220 (SMB) |
| | (Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST, | |
| Plaintiff, | Adv. Proc. No. 18-01593 (SMB) |
| v. | |
| DELTA MARINE ENVIRONMENTAL, LLC, | |
| Defendant. | |

**<u>NOTICE OF HEARING</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

**PLEASE TAKE NOTICE** that a hearing on the Motion for Default Judgment Against Delta Marine Environmental LLC (the "Motion") filed by Robert Michaelson, in his capacity as Trustee of the International Shipholding GUC Trust (the "GUC Trustee" or "Plaintiff") on November 6, 2018, shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court (the "Bankruptcy Court"), One Bowling Green, Courtroom 723, New York, New York 10004 on **December 11, 2018 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses, if any, to the Motion must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court; shall be filed with the Bankruptcy Court with a hard copy delivered to Chambers, and served, so as to be received no later than **December 4, 2018 at 4:00 p.m. (prevailing Eastern Time)** by counsel for the Plaintiff: Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Beth E. Levine, Esq., Email: blevine@pszjlaw.com and Andrew W. Caine, Esq., Email: acaine@pszjlaw.com.  Only those responses made in writing and timely filed and received will be considered at the

DOCS_NY:38294.3 42331/003

Hearing.  Any such response must state with specificity the reason or reasons why the relief

requested in the Motion should not be granted.

Dated:    November 6, 2018
          New York, NY

/s/ Beth E. Levine
Beth E. Levine
Andrew W. Caine (admitted *pro hac vice*)
PACHULSKI, STANG, ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email: blevine@pszjlaw.com
        acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his*
*capacity as Trustee of the International Shipholding*
*GUC Trust*

Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his capacity as*
*Trustee of the International Shipholding GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING<br>CORPORATION, *et al.,*[2]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>(Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as<br>TRUSTEE OF THE INTERNATIONAL<br>SHIPHOLDING GUC TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DELTA MARINE ENVIRONMENTAL, LLC,<br><br>　　　　　　　　　　Defendant. | Adv. Proc. No. 18-01593 (SMB) |

**MOTION FOR DEFAULT JUDGMENT AGAINST**
**DEFENDANT DELTA MARINE ENVIRONMENTAL, LLC**

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

Plaintiff, Robert Michaelson, in his capacity as Trustee of the International Shipholding

GUC Trust (the "GUC Trustee" or "Plaintiff"), pursuant to the provisions of Rule 55 of the

Federal Rules of Civil Procedure, made applicable by Rule 7055 of the Federal Rules of

Bankruptcy Procedure, hereby moves for an order:

(1) entering a default judgment against defendant Delta Marine Environmental LLC

("Delta") in the amount of $51,187.50 plus judgment interest at the federal judgment rate from

the date of judgment until paid in full; and (2) granting such other and further relief as is just and

proper.  In support of this motion, the undersigned respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this

district pursuant to 28 U.S.C. §§ 1391(a)(2)and 1409(d).  The predicates for the relief requested

herein are Rule 55 of the Federal Rules of Civil Procedure and Rule 7055 of the Federal Rules of

Bankruptcy Procedure.

## BACKGROUND

2.      Plaintiff filed the first amended complaint (the "Complaint") in this action

on August 16, 2018 [Docket No. 5].  A copy of the Complaint is attached hereto as **Exhibit A**.

3.      The amended summons (the "Summons") in this action was issued on

August 17, 2018 [Docket No. 6].

4.      The Summons and Complaint in this action were served by First Class

Mail and by Certified Mail, Return Receipt Requested postage paid and deposited with the U.S.

Postal Service.

2

5.      The time for filing an answer or other responsive pleading has expired,

and no answer or other responsive pleading has been received by Plaintiff or, upon information

and belief, filed with the Court.

6.      The Clerk of the Court entered a default against Delta on September 28,

2018 [Docket No. 10].  A copy of the Clerk of the Court's Entry of Default is attached hereto as

**Exhibit B**.

7.      An Affidavit of Sum Certain in Support of the Motion for Default

Judgment (the "<u>Affidavit of Sum Certain</u>") is attached hereto as **Exhibit C**.

8.      As set forth in the accompanying Affidavit of Beth E. Levine In Support

Of Motion For Default Judgment (the "<u>Levine Affidavit</u>"), attached hereto as **Exhibit D**, Delta

is a limited liability company, and, accordingly, is not an infant, an incompetent person, or on

active duty in the armed forces of the United States.  Levine Affidavit, ¶ ¶ 3 and 4.

## RELIEF REQUESTED

9.      By this Motion, Plaintiff seeks an order, in substantially the form attached

hereto as **Exhibit E,** (a) directing the Clerk of the Court to enter a default judgment against

defendant Delta in the amount of $51,187.50 plus judgment interest; and (b) granting such other

and further relief as this Court deems just and proper.

## BASIS FOR RELIEF

### A.      The Court Should Enter Default Judgment Against
### Delta Granting the Relief Requested in the Complaint

10.      Rule 55(b) of the Federal Rules of Civil Procedure, made applicable here

by Rule 7055 of the Federal Rules of Bankruptcy Procedure provides in relevant part:

Judgment by default may be entered as follows:

(1) **By the Clerk**.  When the plaintiff's claim against a defendant is for a
sum certain or for a sum which upon computation can be made certain, the clerk
of the court upon request of the plaintiff and upon affidavit of the amount due

3

shall enter judgment for the that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) **By the Court**.  In all other cases the party entitled to judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.  If the party against whom judgment by default is sought has appeared in the action, the party (or if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. . . .

Fed. R. Civ. Pr. 55(b)(1) and (2).

**B.    Plaintiff Can Meet Its Burden On Motion For Entry Of A Default Judgment**

11.    In its First and Second Claims for Relief as filed in its Complaint, the Plaintiff seeks to avoid a transfer of the Debtors' funds to Delta totaling $50,837.50 as preferential transfers made within 90 days of the filing of the Debtors' chapter 11 petition pursuant to 11 U.S.C. §§ 547 and 550, or recover the value thereof.

12.    Plaintiff is seeking a judgment to recover preferential payments pursuant to 11 U.S.C. § 547 of the Bankruptcy Code in the amount of $50,837.50, plus filing fees of $350.00 as set forth in the Levine Affidavit, and post-judgment interest.

13.    As more fully set forth in the Affidavit of Sum Certain, transfer of the Debtors' property was made to Defendant in an exact sum and on the dates and in the amounts set forth in **Exhibit A** to the Complaint.

14.    The Clerk of the Court has entered Delta's default.  Delta is neither a minor nor an incompetent.  Although it has been given ample opportunity to participate in this action, it has declined to do.  As set forth in the Affidavit of Sum Certain and the Levine Affidavit, it is indisputable that Delta is liable to Plaintiff in the amount of $51,187.50, plus judgment interest.

4

15.     Pursuant to Rule 55 of the Federal Rules of Civil Procedure, an order directing the Clerk of the Court to enter a default judgment against Delta in the amount of $51,187.50, plus judgment interest is plainly appropriate here.

## NOTICE AND PRIOR APPLICATION

16.     Notice of this motion is being provided to (i) Delta Marine Environmental, LLC, 61134 St. Tammany Avenue, Slidell, LA 70460; (ii) Delta Marine Environmental, LLC c/o Patrick J. Berrigan, 13080 Chef Highway, New Orleans, LA 70129; (iii) Patrick J. Berrigan, R/A and Manager for Delta Marine Environmental, LLC, 61134 St. Tammany Avenue, Slidell, LA 70460; and (iv) Delta Marine Environmental, LLC, Attn: Thomas H. McVea Jr, Member, 61134 St. Tammany Avenue, Slidell, LA 70460.  Plaintiff submits that no other or further notice is necessary.

17.     No prior request has for the relief sought herein has been made to this or any other Court.

5

## <u>CONCLUSION</u>

**WHEREFORE**, the GUC Trustee requests that this Court enter an order substantially in

the form annexed hereto directing the Clerk of the Court to enter a default judgment against

Delta and granting such other and further relief as this Court deems just and proper.

Dated:    November 6, 2018
          New York, NY

> */s/ Beth E. Levine*
> Beth E. Levine
> Andrew W. Caine (admitted *pro hac vice*)
> PACHULSKI, STANG, ZIEHL & JONES LLP
> 780 Third Avenue, 34th Floor
> New York, New York 10017
> Telephone: (212) 561-7700
> Facsimile:  (212) 561-7777
> Email: blevine@pszjlaw.com
>            acaine@pszjlaw.com
>
> *Counsel to Plaintiff, Robert Michaelson, in his*
> *capacity as Trustee of the International Shipholding*
> *GUC Trust*

6

# **<u>EXHIBIT A</u>**

Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his capacity as*
*Trustee of the International Shipholding GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.,*[1] | Case No. 16-12220 (SMB) |
| Debtors. | (Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST, | |
| Plaintiff, | Adv. Proc. No. 18-01593 |
| v. | |
| DELTA MARINE & ENVIRONMENTAL SERVICES, LLC; DELTA MARINE ENVIRONMENTAL, LLC, | |
| Defendants. | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

**FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Plaintiff, Robert Michaelson, in his capacity as Trustee of the International Shipholding

GUC Trust (the "GUC Trustee" or "Plaintiff"), for his *First Amended Complaint for Avoidance*

*and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* against Delta

Marine & Environmental Services, LLC and Delta Marine Environmental, LLC (collectively, the

"Defendant"), alleges as follows:

**Nature of the Action**

1.      The Plaintiff brings this action against the Defendant to avoid and recover

certain preferential transfers that occurred during the 90-day period prior to commencement of

the Debtors' bankruptcy cases.

**The Parties**

2.      Pursuant to the *Findings of Fact, Conclusions of Law and Order*

*Confirming First Amended Modified Joint Chapter 11 Plan of Reorganization for International*

*Shipholding Corporation and Its Affiliated Debtors* filed on March 2, 2017 [Docket No. 671]

(the "Confirmation Order") in the above-referenced bankruptcy case, the Bankruptcy Court

granted authority for the GUC Trustee to prosecute avoidance actions on behalf of the Debtors'

estates.  *See First Amended Joint Chapter 11 Plan of Reorganization of International*

*Shipholding Corporation and its Affiliated Debtors* [Docket No. 671-1] (the "Plan") at

§§ 9.5 - 9.6.

3.      Upon information and belief, Delta Marine & Environmental Services,

LLC is a limited liability company formed under the laws of the State of Louisiana and Delta

Marine Environmental, LLC is a limited liability company formed under the laws of the State of Louisiana that both maintain their principal place of business at 61134 St. Tammany Avenue, Slidell, Louisiana.  The First Amended Complaint adds Delta Marine Environmental, LLC as a defendant.

### Jurisdiction and Venue

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 363(b), 1103(c) and 1107 (a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a).

5.      This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code.

### Case Background

6.      On August 1, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On March 2, 2017, the Court entered the Confirmation Order, confirming the Plan.  On July 3, 2017, the Effective Date of the Plan occurred.  *See Notice of (I) Entry of Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796] (the "Effective Date Notice").

7.    Pursuant to the Plan and Confirmation Order, the Plaintiff was appointed

on the Effective Date "to implement the Plan with respect to all Debtors," including to

"prosecute any GUC Trust Causes of Action." *Plan*, at § 9.6.  GUC Trust Causes of Action

include the recovery of preferential transfers under section 547 of the Bankruptcy Code.  *Plan*, at

§§ 1.1.9, 1.1.68.

<u>**Facts**</u>

8.    Prior to the Petition Date, International Shipholding ("<u>ISH</u>") and its

Debtor and non-Debtor affiliates were engaged in waterborne cargo transportation and

maintained a diversified customer base with emphasis on medium and long term contracts.

9.    Prior to the Petition Date, the Debtors made certain payments to

Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements

submitted by Defendant to the Debtors, including but not limited to the transactions between the

parties identified on <u>Exhibit A</u> attached hereto.

10.    During the ninety days prior to the Petition Date, International

Shipholding Corporation made payments to or for the benefit of the Defendant, including those

identified on <u>Exhibit A</u> attached hereto (collectively, the "<u>Transfers</u>").  <u>Exhibit A</u> sets forth the

details of each of the Transfers, including check or payment number, payment date and payment

amount.  The aggregate amount of the Transfers is not less than $50,837.50.

11.    Although it is possible some Transfers might be subject in whole or in part

to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C.

§ 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).  Plaintiff sent an advance demand

letter to Defendant inviting an exchange of information regarding any potential defenses, but the parties were unable to reach any resolution as to the validity of the defenses.

## First Claim for Relief

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

12.     The Plaintiff repeats and realleges the allegations in paragraphs 1 through 11, above, as though fully set forth at length.

13.     Within the ninety days prior to the Petition Date, International Shipholding Corporation made the Transfers to Defendant in the total amount of $50,837.50, as more specifically described in Exhibit A.

14.     Each of the Transfers to the Defendant was a transfer of property of the Debtors.

15.     Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

16.     The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternatively, received the Transfers for the benefit of a creditor or creditors of the Debtors.

17.     Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

18.     Each of the Transfers was made while International Shipholding Corporation was insolvent. Moreover, Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

19.    Each of the Transfers enabled the Defendant to receive more than the

Defendant would have received if (i) the transfers and/or payments had not been made, and

(ii) the Defendant received payment on account of the debt paid by each of the Transfers to the

extent provided by the Bankruptcy Code.

20.    As of the date hereof, the Defendant has not returned any of the Transfers

to the Plaintiff.

21.    The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547

that the Transfers are avoided.

## Second Claim for Relief

### (Recovery of Property—11 U.S.C. § 550)

22.    The Plaintiff repeats and realleges the allegations in paragraphs 1

through 21, above, as though fully set forth at length.

23.    Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided

under 11 U.S.C. § 547, the Plaintiff may recover for the benefit of the estate the property

transferred or the value of such property from (a) the initial transferee of such transfer or the

entity for whose such transfer was made or (b) any immediate or mediate transferee of such

initial transferee.

24.    The Defendant is either the (a) initial transferee of the Transfers, the entity

for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the

initial transferee.

25.      Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1.      For a determination that each of the Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code and that the Plaintiff is entitled to recover the Transfers in the total amount of $50,837.50 under Section 550 of the Bankruptcy Code;

2.      For costs of suit incurred herein, including, without limitation, attorneys' fees;

3.      For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4.      For such other and further relief as the Court may deem just and proper.

Dated:    August 16, 2018
          New York, NY

                                        */s/ Beth E. Levine*
                                        Beth E. Levine
                                        Andrew W. Caine (admitted *pro hac vice*)
                                        PACHULSKI, STANG, ZIEHL & JONES LLP
                                        780 Third Avenue, 34th Floor
                                        New York, New York 10017
                                        Telephone: (212) 561-7700
                                        Facsimile:  (212) 561-7777
                                        Email: blevine@pszjlaw.com
                                              acaine@pszjlaw.com

                                        *Counsel to Plaintiff, Robert Michaelson, in his
                                        capacity as Trustee of the International Shipholding
                                        GUC Trust*

**Payments within 90 Days**
**Petition Date:  August 1, 2016**

In re:  International Shipholding Corporation, et al., Debtors
USBC, Southern District of New York Case No. 16-12220 (SMB)

| Vendor Name | Debtor That Made Payment | Invoice # | Invoice Date | Payment Date | Payment # | Payment Type | 90 Day Payment Amount |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
| Delta Marine & Environmental Services, LLC | International Shipholding Corp. | 759 | 5/5/2016 | 7/12/2016 | 9692 | SYS | $      50,837.50 |

# **EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: International Shipholding Corporation

Bankruptcy Case No.: 16−12220−smb

Robert Michaelson, in his capacity as Trustee of the International Shipholding
GUC Trust

Plaintiff(s),

Adversary Proceeding No.
18−01593−smb

−against−

Delta Marine & Environmental Services, LLC
Delta Marine Environmental, LLC

Defendant(s)

### ENTRY OF DEFAULT

It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law.

| Name: | Delta Marine Environmental LLC |
|---|---|

Therefore, default is entered against the defendant as authorized by Bankruptcy Rule 7055.

Dated: 9/28/18

Vito Genna
_____
*Clerk of the Court*

By: /s/  Dawn McCaffrey
_____
*Deputy Clerk*

# **EXHIBIT C**

Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his capacity as*
*Trustee of the International Shipholding GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | (Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST, | Adv. Proc. No. 18-01593 (SMB) |
| Plaintiff, | |
| v. | |
| DELTA MARINE ENVIRONMENTAL, LLC, | |
| Defendant. | |

**AFFIDAVIT OF SUM CERTAIN IN SUPPORT**
**OF MOTION FOR DEFAULT JUDGMENT**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

DOCS_NY:38294.3 42331/003

STATE OF *New York*          )
                             )          ss.:
COUNTY OF *New York*         )

        Robert Michaelson, being duly sworn, deposes and says:

        1.     I am the Trustee of the International Shipholding GUC Trust.  I make this Affidavit based on facts within my personal knowledge or as a result of having reviewed the business records of the Debtors.  If called upon, I can and will competently testify to the facts stated herein.

        2.     I make this Affidavit in support of the accompanying Motion for Entry of Default Judgment (the "Motion").[2]

        3.     I have reviewed the accounts payable paid to certain creditors of the Debtors.  Based upon this review, I confirmed that the transfers or payments to Defendant Delta Marine Environmental, LLC in the 90 days prior to the filing of the Bankruptcy Petition in this case are those set forth on Exhibit A to the Complaint in the above-captioned Adversary Proceeding.  The total amount of the transfers is $50,837.50.

                                            _____
                                            Robert Michaelson

SWORN TO AND SUBSCRIBED before me this
_6th_ day of _Nov._ 2018

_____
      Notary Public

                  **Elliott D. Hefler**
           **Notary Public, State of New York**
              **No. 31-02HE5071188**
          **Qualified In New York County**
       **Comm. Expires January 6, 20_19_**

---

[2] Capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Motion.

DOCS_NY:38294.3 42331/003

# **EXHIBIT D**

Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his capacity as
Trustee of the International Shipholding GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING<br>CORPORATION, *et al.,*[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>(Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as<br>TRUSTEE OF THE INTERNATIONAL<br>SHIPHOLDING GUC TRUST,<br><br>    Plaintiff,<br><br>  v.<br><br>DELTA MARINE ENVIRONMENTAL, LLC,<br><br>    Defendant. | Adv. Proc. No. 18-01593 (SMB) |

**AFFIDAVIT OF BETH E. LEVINE IN SUPPORT
OF MOTION FOR DEFAULT JUDGMENT**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

STATE OF NEW YORK       )
                                )    ss.:
COUNTY OF NEW YORK    )

BETH E LEVINE, being duly sworn, deposes and says:

1.      I am an attorney at law duly licensed to practice before all courts in the State of New York and in this District.  I am of counsel to the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for Plaintiff, Robert Michaelson, in his capacity as Trustee of the International Shipholding GUC Trust, counsel of record in the within adversary proceeding. The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business. If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      A default was entered against Defendant Delta Marine Environmental, LLC ("Defendant") on or about September 28, 2018.

3.      Based on a search of the Louisiana Secretary of State's records, the defaulting party is a limited liability company and is therefore not an infant, nor an incompetent person.

4.      The defaulting party, being a limited liability company formed under the laws of the State of Louisiana, is not currently on active duty in the armed forces of the United States.

5.      Plaintiff incurred $350.00 in fees to file the Complaint.

_____
Beth E. Levine

SWORN TO AND SUBSCRIBED before me this
6th day of November 2018

_____
G. KAREN BROWN

NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6159074
Qualified in Queens County
Commission Expires January 16, 2019

# **<u>EXHIBIT E</u>**

Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com

*Counsel to Plaintiff, Robert Michaelson, in his capacity as
Trustee of the International Shipholding GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING CORPORATION, *et al.,*[1]<br><br>             Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>(Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST,<br><br>             Plaintiff,<br><br>    v.<br><br>DELTA MARINE ENVIRONMENTAL, LLC,<br><br>             Defendant. | Adv. Proc. No. 18-01593 (SMB) |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AGAINST DELTA MARINE ENVIRONMENTAL, LLC**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

Upon the Motion for Default Judgment ("the <u>Motion</u>"), dated November 6, 2018 of plaintiff, Robert Michaelson, in his capacity as Trustee of the International Shipholding GUC Trust (the "<u>GUC Trustee</u>" or "<u>Plaintiff</u>") seeking entry of a default judgment against defendant Delta Marine Environmental LLC ("<u>Delta</u>") and default having been entered against Delta on September 28, 2018, and upon consideration of the Motion and the accompanying Affidavit of Sum Certain and Affidavit of Beth E. Levine, and due and proper notice of the Motion having been given, and a hearing on the Motion having taken place on December __, 2018, and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The Motion is granted in all respects.

2.    Plaintiff is awarded judgment against Delta.

3.    The Clerk of the Court is directed to enter judgment against defendant Delta in the amount of $51,187.50 plus judgment interest from the date of entry of judgment at the federal judgment rate until paid in full.

Dated:    New York, New York
_____, 2018

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

DOCS_NY:38294.3 42331/003